UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD C. BROCKBANK,

    Petitioner,

v.   Case No. 6:10-cv-813-Orl-36DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges five claims for relief in his habeas petition: trial counsel rendered ineffective assistance by failing (1) to pursue his second motion to suppress evidence, (2) to challenge the sufficiency of the charging information on the basis that it was not supported by sworn statements from material witnesses, (3) to move to sever counts one and two, (4) to challenge the introduction of evidence, and (5) to call Scott Beam and William Aponte as

witnesses. For the following reasons, the petition is denied.

I.     *Procedural History*

Petitioner was charged by amended information with trafficking ten kilograms or more of gamma-butyrolactone ("GBL") and conspiracy to commit trafficking of ten kilograms or more of gamma-hydroxybutyric ("GHB"). A jury trial was conducted, and Petitioner was found guilty as charged. The trial court sentenced Petitioner to consecutive fifteen-year terms of imprisonment for counts one and two. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state petition for writ of habeas corpus. The Fifth District Court of Appeal of Florida summarily denied the petition.

Petitioner also filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which raised thirteen claims. The state court summarily denied eleven of the claims and conducted an evidentiary hearing on two of the claims, whether counsel rendered ineffective assistance by failing to pursue the second motion to suppress and by failing to call Scott Beam and William Aponte as witnesses. After the hearing, the trial court denied the remaining claims. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. The state court denied the motion. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

II.   *Legal Standards*

   A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

   Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   Analysis

#### A.   Claims One, Four, and Five

In claim one, Petitioner asserts that trial counsel rendered ineffective assistance by failing to pursue and obtain a ruling on his second motion to suppress evidence discovered in a storage facility. (Doc. No. 1 at 14.) In claim four, Petitioner maintains that counsel rendered ineffective assistance by failing to challenge the admission of GBL into evidence. *Id.* at 19. In claim five, Petitioner alleges that counsel rendered ineffective assistance by failing to call Scott Beam ("Beam")[2] and William Aponte ("Aponte")[3] as witnesses.

---

[2]Beam was the confidential source relied upon by Jeff Harmon ("Harmon"), the law enforcement agent who requested the search warrant for the storage facility where the GBL and other items were stored, in seeking the search warrant. Harmon attested that Beam stated that he saw twelve gallon jugs of liquid which Petitioner said were GHB in the storage facility. According to Petitioner, however, Beam subsequently stated in his deposition that he did not see any GBL at the storage facility. (Doc. No. 1 at 19.)

[3]Aponte is an inmate who attested that Andies Laroux, Petitioner's co-defendant, told him that he intended to provide false testimony to obtain a reduction of his sentence.

5

Respondents assert that these claims are procedurally barred from review by this Court as they were not exhausted in the state court.

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state

court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

7

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

In the instant case, review of the record establishes that Petitioner raised claims one and five in his Rule 3.850 motion. The trial court conducted an evidentiary hearing on the claims and denied them.[4] Petitioner, however, did not appeal the denial of these claims to the Fifth District Court of Appeal of Florida. *See* App. I at 6-31.

The failure to appeal the denial of post-conviction relief results in a procedural default. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not

---

[4]In denying claim one, the trial court concluded that Petitioner "failed to present any evidence at the hearing to establish that the search warrant affidavit was based upon false information or was made with reckless disregard for the truth, therefore he has failed to demonstrate that a hearing on the motion would have resulted in suppression of the evidence." (App. E at 224.) In relation to another claim, the trial court further determined that Petitioner did not have standing to object to the search of the storage facility because his name was not on the lease nor was his name included as a person who would be accessing the unit. *Id.* at 166. Similarly, with respect to claim five, the trial court denied relief because Petitioner failed to present evidence from Beam or Aponte at the hearing demonstrating what testimony they would have given if called as witnesses at trial. *Id.*

only the filing of a Rule 3.850 motion, but also an appeal of its denial); *see also Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings). The Eleventh Circuit Court of Appeals has held that if the defendant in a Florida post-conviction proceeding "received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver." *See Cortes v. Gladish*, 216 F. App'x 897, 899-900 (11th Cir. 2007)

As noted previously, an evidentiary hearing was conducted in the state court on claims one and five. Thus, any claim not addressed in Petitioner's Rule 3.850 appellate brief was waived. Because claims one and five were not raised in Petitioner's appellate brief, they are procedurally barred from review by this Court absent the application of an exception to the bar.

Likewise, review of the record demonstrates that Petitioner asserted in his Rule 3.850 motion that counsel was ineffective for failing to challenge the admission of GBL into evidence as alleged in claim four of the instant petition. In support of the claim, Petitioner argued that the jugs of GBL should not have been admitted because they were empty. (App. E at 5-6.) In the instant habeas petition, however, in claim four Petitioner argues that Harmon made false statements in the affidavit in support of the search warrant regarding what Beam saw in the storage facility. (Doc. No. 1 at 19.) Petitioner asserts that counsel should have objected to the admission of the GBL into evidence on this basis and further argued that Harmon "planted the evidence" as demonstrated by his false statements in the

9

affidavit. *Id*.

In *Kelley v. Secretary for Department of Corrections*, 377 F.3d 1317, 1344 (11th Cir. 2004), the Eleventh Circuit held that to exhaust a claim in the state courts properly, a habeas petitioner must present the state court with not only the theory of relief "but also . . . the specific assertions of fact that might support relief." Petitioner failed to argue in the state court that counsel should have objected to the admission of the GBL because the affidavit in support of the search warrant was false and the GBL was planted by Harmon. Thus, claim four was not raised in the state court and is procedurally barred from review by this Court absent the application of an exception to the bar.

Petitioner has failed to demonstrate either cause or prejudice to overcome the procedural default. Furthermore, Petitioner has not demonstrated that he is actually innocent. Accordingly, claims one, four , and five are procedurally barred from review by this Court.[5]

### B. Claim Two

Petitioner contends that trial counsel rendered ineffective assistance by failing to challenge the sufficiency of the charging information on the basis that it was not supported by sworn statements from material witnesses. Petitioner raised this claim in his Rule 3.850 motion. The state court found the claim to be legally insufficient. (App. E at 165.) The state

---

[5]To the extent claims one, four, or five were arguably exhausted, Petitioner has not demonstrated that the state court's denial of these claims was contrary to, or an unreasonable application of, *Strickland*. As such, the claims would be denied on the merits if the Court had not determined that they are procedurally barred.

10

court reasoned that "[t]he State's oath in the amended information is sufficient to support the charge." *Id*. (citing *ex Parte Crews*, 173 So. 275 (Fla. 1937)).

Pursuant to Section 923.03, Florida Statutes, "[a]n information shall be. . . signed by the state attorney who shall also append thereto the oath of the state attorney. . . ." Fla. Stat. § 923.03(2). "In Florida, there is no requirement that sworn affidavits be attached to the arrest report. Nor is there a requirement that sworn affidavits be attached to the information." *Bromell v. McNeil*, 2008 WL 4540054, *17 (S.D. Fla. 2008) (citing *State v. Bacon*, 385 So. 2d 1160, 1163 (Fla. 2nd DCA 1980)).

In the instant case, the amended information contained the required sworn oath of the Assistant Statewide Prosecutor that "he has received testimony under oath from material witnesses which, if true, would constitute the offenses herein charged , and that the prosecution is instituted in good faith." (App. A at 36.) The sworn oath of the prosecutor that he received testimony under oath from material witnesses for the offenses is sufficient pursuant to applicable Florida law. *See* Fla. R. Crim. P. 3.140(g). As such, counsel was not deficient for failing to challenge the amended information on the basis that it was not supported by sworn statements from material witnesses. Furthermore, Petitioner has not demonstrated that he was prejudiced as a result of counsel's failure to do so. Thus, the state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland*, and claim two is denied.

### C. Claim Three

Petitioner asserts that trial counsel rendered ineffective assistance by failing to move

to sever counts one and two. In support of this claim, Petitioner maintains that counts one and two were unrelated offenses. (Doc. No. 1 at 17.)

Petitioner raised this claim in his Rule 3.850 motion. Applying *Strickland*, the state court denied relief. (App. E at 165.) The state court noted that large quantities of GBL, potassium hydroxide, and sodium hydroxide, which are used to make GHB, were found in the storage unit, and Petitioner was charged with possession of GBL and conspiracy to traffic in GHB. *Id*. The state court reasoned that "[t]he possession of these precursor chemicals was integral to the conspiracy count, as the charge was that he combined the chemicals to make GHB, which he then distributed." *Id.* The state court concluded, therefore, that the offenses were interrelated and counsel was not deficient for failing to file a motion that had no legal basis. *Id*.

Pursuant to Florida law, two or more related offenses may be tried together "if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions." *Hutchinson v. State*, 731 So. 2d 812, 815 (Fla. 5th DCA 1999) (quoting Fla. R. Crim. P. 3.151(a)) (emphasis deleted). Offenses are connected acts or transactions if "'they occurred during a 'spree' interrupted by no significant period of respite, . . . or . . . one crime is causally related to the other, even though there may have been a significant lapse of time.'" *Id*. (quoting *Ellis v. State*, 622 So. 2d 991 (Fla. 1993))(citations omitted).

The Court concludes that the state court's determination is objectively reasonable. Petitioner was charged with trafficking GBL based on the GBL confiscated from the storage

facility, and evidence was presented to establish that the GBL belonged to Petitioner. Witnesses testified that GBL is used to make GHB, that Petitioner made GHB, and that Petitioner conspired with others to traffic GHB. Thus, the trafficking of GBL and the conspiracy to traffic GHB are connected acts. As such, Petitioner has not shown that counsel was deficient for failingto move to sever the counts or that a reasonable probability exists that the outcome of his trial would have been different had counsel done so. Accordingly, claim three is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show

that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Donald Brockbank is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 17th day of September, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 9/17
Counsel of Record
Donald Brockbank